REGINALD ROBERTS, JR. (SBN 216249)
rroberts@sandersroberts.com
MELVIN L. FELTON (SBN 276047)
mfelton@sandersroberts.com
AYAN K. JACOBS (SBN 329934)
ajacobs@sandersroberts.com
**SANDERS ROBERTS LLP**
1055 W. 7th Street, Suite 3200
Los Angeles, CA 90017
Telephone:   213-426-5000
Facsimile:   213-234-4581

Attorneys for Defendants
NIKE, INC. and NIKE USA, INC.

UNITES STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA, EASTERN DIVISION

| | |
|---|---|
| J.B. through and by her guardian ad litem, J.G.B.,<br><br>Plaintiff,<br><br>vs.<br><br>NIKE, INC., an Oregon Corporation; NIKE USA, INC., an Oregon Corporation; and DOES 1-50, inclusive,<br><br>Defendants. | Case No.:<br><br>**DEFENDANTS NIKE, INC. AND NIKE USA, INC.'S NOTICE OF REMOVAL**<br><br>Complaint Filed:   December 14, 2020<br><br>[San Bernardino County Superior Court Case No. CIVSB2028321] |

- 1 -

**NOTICE OF REMOVAL**

TO THE CLERK OF THE ABOVE-ENTITLED COURT:

PLEASE TAKE NOTICE that Defendant Nike Inc. and Defendant Nike USA, Inc., (collectively, "Nike Defendants"), by its counsel SANDERS ROBERTS LLP, hereby removes to this Court, pursuant to 28 U.S.C. §§ 1331, 1441, and 1446, based on diversity jurisdiction, the claims pending as Case No. CIVSB2028321 of the Superior Court of California, County of San Bernardino. In support of this removal, Nike states as follows:

**THE REMOVED CASE**

1.      The removed case is a civil action commenced in the Superior Court of California, County of San Bernardino by Plaintiff J.B. by and through her guardian ad litem J.G.B. ("Plaintiff") against the Nike Defendants, entitled *J.B. vs. Nike, Inc., et al*, Case No. CIVSB2028321 (the "State Action").  Nike Defendants are the named defendant in this action.  Plaintiff filed the State Action on December 14, 2020, asserting violations of the Unruh Civil Rights Act/ Fair Housing and Employment Act and Intentional Infliction of Emotional Distress. (*See* **Exhibit A** [Complaint], *passim*.)

**PROCEDURAL REQUIREMENTS**

2.      Nike Defendants have thirty (30) days from the date of service or receipt of a copy of the Complaint to remove a case.  (28 U.S.C. § 1446(b).)  Or "if the case stated by the initial pleading is not removable, a notice of removal may be filed within 30 days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable."  (*Id.* § 1446(b)(3).)  Nike Defendants were served with the Complaint on February 22, 2021 and is filing this Notice of Removal within 30 days of service.  (Declaration of Melvin L. Felton "Felton Decl." in Support of Notice of

DEFENDANTS NIKE, INC. AND NIKE USA, INC.'S NOTICE OF REMOVAL

SANDERS ROBERTS
1055 W. 7TH STREET
SUITE 3200
LOS ANGELES, CA 90017

Removal), ¶¶ 2–3, Exhibit 1.).  This Notice of Removal is therefore timely.  (*Id.* ¶ 3.)

3. Pursuant to 28 U.S.C. § 1446(a), copies of all process, pleadings, and orders for the State Action in Nike Defendants' possession are contained in **Exhibit A, Exhibit B, Exhibit C, Exhibit D and Exhibit E** filed herewith.

4. Pursuant to 28 U.S.C. § 1446(a), venue is proper in the Central District of California because this District embraces the place in which the removed action has been pending.

5. Pursuant to 28 U.S.C. § 1446(d), a true and correct copy of this Notice of Removal will be filed with the Superior Court of California, County of San Bernardino promptly after filing of same in this Court.

6. Pursuant to 28 U.S.C. § 1446(d), written notice of filing of this Notice of Removal will be given to all adverse parties promptly after the filing of same in this Court.

7. If any question arises as to the propriety of the removal of this action, Nike Defendants request the opportunity to conduct discovery, brief any disputed issues and to present oral argument in favor of its position that this case is properly removable.

8. Nothing in this Notice of Removal shall be interpreted as a waiver or relinquishment of Nike Defendants' right to assert defenses including, without limitation, the defenses of (i) lack of jurisdiction over person, (ii) improper venue and/or *forum non conveniens*, (iii) insufficiency of process, (iv) insufficiency of service of process, (v) improper joinder of claims and/or parties, (vi) failure to state a claim, (vii) failure to join indispensable party(ies), or (viii) any other procedural or substantive defense available under state or federal law.

### DIVERSITY OF CITIZENSHIP JURISDICTION

9. This is a civil action over which this Court has original jurisdiction under 28 U.S.C. section 1332, and Nike Defendants may remove it from state to

DEFENDANTS NIKE, INC. AND NIKE USA, INC.'S NOTICE OF REMOVAL

SANDERS
ROBERTS
1055 W. 7TH STREET
SUITE 3200
LOS ANGELES, CA 90017

federal court pursuant to 28 U.S.C. section 1441(b) in that this action involves citizens of different states and the amount in controversy exceeds the sum or value of Seventy-Five Thousand Dollars ($75,000), exclusive of interest and costs.

### A. Plaintiff is a Citizen of California

10.     For diversity purposes, a person is a "citizen" of the state in which he or she is domiciled.  *Kantor v. Wellesley Galleries, Ltd.*, 704 F.2d 1088, 1090 (9th Cir. 1983).  "A person is 'domiciled' in a location where he or she has established a fixed habitation or abode of a particular place, and [intends] to remain there permanently and/or indefinitely."  *Lew v. Moss*, 797 F.2d 747, 750 (9th Cir. 1986). A party's residence is prima facie evidence of her domicile.  *State Farm Mut. Auto Ins. Co. v. Dyer*, 19 F.3d 514, 520 (10th Cir. 1994).

11.     Plaintiff alleges that "at all times relevant to this Complaint [she] was a resident of the County of San Bernardino, State of California."  (Ex. A, Compl ¶ 1.)  Therefore, Plaintiff was at all relevant times a citizen and resident of the State of California.

### B. Defendants Are Not Citizens of California

12.     Nike Defendants are now and were at the time of the filing of this action, citizens of a state other than California within the meaning of 28 U.S.C. section 1332(c)(1). 28 U.S.C. § 1332(c)(1).

13.     Pursuant to 28 U.S.C. section 1332(c), for purposes of diversity jurisdiction, "a corporation shall be deemed to be a citizen of any State by which it has been incorporated and of the State where it has its principal place of business."

14.     Nike Defendants are now, and ever since this action commenced has been, incorporated under the laws of the State of Oregon, with the principal place of businesses for both entities in Beaverton, Oregon.  (Declaration of Joshua Simko in Support of Defendants' Notice of Removal ("Simko Decl."), ¶¶ 4, 7). Beaverton, Oregon is the site of Nike Defendants' corporate headquarters and

SANDERS
ROBERTS
1055 W. 7TH STREET
SUITE 3200
LOS ANGELES, CA 90017

executive offices, where their high-level officers direct, control, and coordinate Nike's activities. (Simko Decl., ¶¶ 5, 8). Furthermore, many of Nike's executive and administrative functions, including corporate financing and accounting, are directed from Beaverton, Oregon. (Simko Decl., ¶¶ 6, 9). Accordingly, Nike Defendants' principal place of business is Beaverton, Oregon under the "nerve center" test. *Hertz Corp. v. Friend*, 130 S. Ct. 1181, 1192 (2010).

15.     Therefore, for purposes of diversity jurisdiction, Nike Defendants are, and has been at all times since this action commenced, citizens of the State of Oregon.

16.     The presence of Doe defendants in this case has no bearing on diversity of citizenship for removal. 28 U.S.C. § 1441(a) ("For purposes of removal under this chapter, the citizenship of defendants sued under fictitious names shall be disregarded.").

17.     Pursuant to 28 U.S.C. § 1441(b)(1), the residence of fictitious and unknown defendants should be disregarded for purposes of establishing removal jurisdiction under 28 U.S.C. § 1332. *Fristoe v. Reynolds Metals Co.*, 615 F.2d 1209, 1213 (9th Cir. 1980) (unnamed defendants are not required to join in a removal petition); *see also Soliman v. Philip Morris, Inc.*, 311 F. 3d 966, 971 (9th Cir. 2002). Thus, the existence of Doe defendants one through fifty, does not deprive this Court of jurisdiction.

18.     For the reasons stated above, the Court has jurisdiction based on diversity of citizenship.

**C.     Amount in Controversy Exceeds the Statutory Minimum**

19.     Under the Federal Courts Jurisdiction and Venue Clarification Act of 2011, Congress clarified that the preponderance of the evidence standard applies to removals under 28 U.S.C. § 1332(a). *See* H.R. Rep. 112-10 at 16 ("defendants do not need to prove to a legal certainty that the amount in controversy requirement has been met."). 28 U.S.C. § 1446(c)(2)(A) provides, in relevant

SANDERS
ROBERTS
1055 W. 7TH STREET
SUITE 3200
LOS ANGELES, CA 90017

part, that "the notice of removal may assert the amount in controversy if the initial pleading seeks ... a money judgment, but the State practice ... permits recovery of damages in excess of the amount demanded." *See Damele v. Mack Trucks, Inc.*, 219 Cal. App. 3d 29, 41-42 (1990) (noting that under California law, a plaintiff is not limited to the statement of damages set forth in his Complaint.) Thus, even if Plaintiff alleges that the amount in controversy for Plaintiff individually does not exceed the sum or value of $75,000, "removal of the action is proper on the basis of an amount in controversy . . . if the district court finds, by the preponderance of the evidence, that the amount in controversy exceeds the amount specified in section 1332(a)," or $75,000.  28 U.S.C. § 1446(c)(2)(B); *see, e.g., RT Financial Inc. v. Zamora*, No. 1:12-cv-01581-AW-SKO, 2012 WL 4468763, *2 (E.D. Cal. Sept. 27, 2012) (holding that the preponderance of the evidence standard applied to a complaint which expressly stated that the amount in controversy did not exceed $10,000).

20.    The preponderance standard is not a "daunting" standard.  *Muniz v. Pilot Travel Centers LLC*, 2007 WL 1302504, at *2 (E.D. Cal. May 1, 2007); *see Valdez v Allstate Ins. Co.*, 372 F.3d 1115, 1117 (9th Cir. 2004) ("the parties need not predict the trier of fact's eventual award with one hundred percent accuracy"). Defendants are not obligated to "research, state, and prove the plaintiff's claims for damages." *Behrazfar v. Unisys Corp.*, 687 F. Supp. 2d 999, 1004 (C.D. Cal. 2009) (quoting *Korn v. Polo Ralph Lauren Corp.*, 536 F. Supp. 2d 1199, 1204-05 (E.D. Cal. 2008)). A removing defendant must simply produce underlying facts or evidence demonstrating more likely than not the amount in controversy exceeds $75,000. *See Sanchez v. Monumental Life Ins.*, 102 F.3d 398, 404 (9th Cir. 1996) ("[D]efendant must provide evidence establishing that it is 'more likely than not' that the amount in controversy exceeds [the threshold] amount."); *see Kroske v. U.S. Bank Corp.*, 432 F.3d 976, 980 (9th Cir. 2005) (district court properly considered damages awards in other similar cases)(emphasis added); *Rippee v.*

DEFENDANTS NIKE, INC. AND NIKE USA, INC.'S NOTICE OF REMOVAL

SANDERS
ROBERTS
1055 W. 7TH STREET
SUITE 3200
LOS ANGELES, CA 90017

*Boston Market Corp.*, 408 F. Supp. 2d 982, 986 (S.D. Cal. 2005) (noting that the inquiry is what amount is "put in controversy" by the plaintiff's complaint, not what a defendant will actually owe).

21.    In addition, the Court may consider the value of nonmonetary relief sought (28 U.S.C. § 1446(c)(2)(A)(i)) and aggregate claims for monetary and nonmonetary relief brought by a single plaintiff against a single defendant.  *See Bank of Calif. Nat'l Ass'n v. Twin Harbors Lumber Co.*, 465 F.2d 489, 491 (9th Cir. 1972) (noting "aggregation is permitted when 'a single plaintiff seeks to aggregate two or more of his own claims against a single defendant.'").

22.    Though Plaintiff does not quantify her alleged damages in her Complaint, her counsel confirmed she is seeking more than $75,000 through this lawsuit.  (Felton Decl., ¶¶ 4,5)

23.    While Nike Defendants deny any liability as to Plaintiff's claims, as set forth more fully below, the Court has diversity jurisdiction under 28 U.S.C. § 1332(a) over Plaintiff's claims because Plaintiff is diverse from Defendant and Plaintiff's claims are worth more than, but at least as much as, $75,001.  Though Plaintiff's counsel confirmed she is seeking an amount above $75,000, claims like Plaintiff's lawsuit have led to recoveries exceeding the jurisdictional minimum. All calculations supporting the amount in controversy are based on Plaintiff's potential recovery pursuant to the claims alleged in the Complaint, assuming, without any admission, the truth of any of the allegations, and assuming liability (which is disputed) could be established.

24.    **Unruh Claims.**  Plaintiff alleges that she and a friend "attempted to enter the NIKE factory store but was immediately stopped by DOE 26" who, Plaintiff alleges on information and belief, "is a NIKE employee."  (Ex. A, Compl. ¶ 23.)  Plaintiff further alleges that "DOE 26 positioned himself in front of PLAINTIFF and her friend to prevent them from entering the NIKE Factory store and told PLAINTIFF and her friend that they 'can't go in.'"  (Ex. A, Compl. ¶

DEFENDANTS NIKE, INC. AND NIKE USA, INC.'S NOTICE OF REMOVAL

24.) Plaintiff claims that when she asked why could not enter the store she was told that it was "because of the 'coronavirus.'"  (Ex. A, Compl. ¶ 26.)  Plaintiff alleges that when they told DOE 26 that they "don't have it" he responded that they are Asian and that he could not let them in because: "we don't want to scare the other customers."  (Ex. A, Compl. ¶¶ 27–28, 30.)  Finally, Plaintiff alleges on information and believe, that NIKE and its managing agents follow a policy or practice that result in a violation of the Unruh Act as well as the Fair Housing and Employment Act.  (Ex. A, Compl. ¶¶ 31–32.)

25.     As a result of the alleged Unruh violation Plaintiff claims to have "suffered embarrassment, public humiliation, and emotional distress, including but not limited to, damage to her self-esteem and dignity, anxiety, stress, anger, frustration."  (Ex. A, Compl. ¶ 44.)  A review of verdicts in California demonstrates that emotional distress awards in cases involving discrimination commonly exceed $75,000.  *Elliott v. City of Gardena*, 2001 WL 1255712 (Los Angeles County Superior Court, July 23, 2001) (the jury awarded the plaintiff $1,650,000 in a discrimination case where the plaintiff's only claimed injury was emotional distress damages); *Comey v. County of Los Angeles*, 2007 WL 3022474 (Los Angeles County Superior Court, Aug. 15, 2007) (the jury awarded a plaintiff in a discrimination case $768,286, of which $100,000 was for non-economic damages). Furthermore, jury awards for Unruh claims generally result in verdicts that far exceed the $75,000 jurisdictional threshold.  *See e.g., Chris Curry v. Academy Pointe, Inc., et al.*, Los Angeles Superior Court Case No. BC621282 (November 17, 2017) (resulting in a gross jury award of $5,250,000, including $750,000 in emotional distress damages and $4.5M in punitive damages) (Felton Decl., ¶ 6, Exhibit 2); *Bayer, et al. v. Morse, et al.,* San Francisco Superior Court Case No. CGC-13-534482 (August 26, 2015) (resulting in a gross jury award of $370,000, including $50,000 to each plaintiff and $20,000 in punitive damages) (Felton Decl., ¶ 7, Exhibit 3).

DEFENDANTS NIKE, INC. AND NIKE USA, INC.'S NOTICE OF REMOVAL

26.     Plaintiff also seeks three times the actual damages and exemplary and punitive damages pursuant to the Unruh Civil Rights Act.  (Ex. A, Compl. ¶¶ 43–44, Prayer for Relief (b) – (d).)   The Unruh Civil Rights Act allows for recovery of a statutory minimum of $4,000 "for each and every offense" of its provisions or three times the amount of actual damages.  Cal. Civ. Code § 52(a).  As such, the actual damages from Plaintiff's encounter are potentially valued at a minimum of an additional $4,000.

27.     **Claim for Intentional Infliction of Emotional Distress.** In addition to the damages Plaintiff seeks pursuant to her first cause of action, Plaintiff also alleges that she is entitled to damages for Intentional Infliction of Emotional Distress.

28.     Plaintiff claims to have suffered "general damages including but not limited to pain and suffering, emotional distress, fear, anxiety and other damages in an amount to be proven at the time of trial.  (Ex. A, Compl. ¶ 51.)  In similar cases involving claims for IIED juries have awarded non-economic damages well in excess of $75,000.  *See e.g. Simona Wilson v. Southern California Edison Company*, Los Angeles Superior Court Torrance Case No. YC 065545 (March 17, 2013) (claim for IIED resulted in non-economic damages of $1,050,000) (Felton Decl., ¶ 8, Exhibit 4); *Barry Ware v. JKM Equipment, Inc., et al.*, Orange County Superior Court Case No. 30-2015-00827210-CU-WT-CJC, (October 24, 2017) (awarding non-economic damages of $100,000 where Plaintiff brought IIED claim after boss referred to him using a derogatory racial epithet) (Felton Decl., ¶ 9, Exhibit 5); *Scaccetti v. Berg*, Los Angeles Superior Court Case No. BC 533 556 (November 24, 2015) (awarding compensatory damages for severe emotional distress where Plaintiff brought a claim for IIED in the amount of $85,000) (Felton Decl., ¶ 10, Exhibit 6).

29.     **Prayer for Punitive Damages.**  The Court must also consider each Plaintiff's requests for punitive damages in determining the amount in

DEFENDANTS NIKE, INC. AND NIKE USA, INC.'S NOTICE OF REMOVAL

SANDERS
ROBERTS
1055 W. 7TH STREET
SUITE 3200
LOS ANGELES, CA 90017

controversy.  *Gibson v. Chrysler Corp.*, 261 F.3d 927, 945 (9th Cir. 2001) ("It is well established that punitive damages are part of the amount in controversy in a civil action"); *Davenport v. Mutual Benefit Health and Accident Ass'n*, 325 F.2d 785, 787 (9th Cir. 1963) (punitive damages must be taken into account where recoverable under state law).

30.    Plaintiff's request for punitive damages weighs in favor of establishing the amount in controversy. Punitive damages may be substantial and, in some cases, even exceed the amount in controversy. *See Duin v. Allstate Insurance Co.*, 1997 WL 813002 at *2, No. 97CV1113JM (RBB) (S.D. Cal. Dec. 15, 1997) (since removing defendant was a corporation, "it [was] more likely that any award of punitive damages would exceed $75,000.00").

31.    The economic resources of the defendant and the amount of compensatory damages are two of the three factors courts consider in arriving at punitive damage awards.  *See, e.g., Lane v. Hughes Aircraft Co.*, 22 Cal. 4th 405, 417 (2000).  In *State Farm Mut. Auto. Ins. Co. v. Campbell*, 538 U.S. 408, 427-28 (2003), the Court held that: "The wealth of a defendant cannot justify an otherwise unconstitutional punitive damages award .... That does not make its use [in determining the constitutionality of punitive damage awards] unlawful or inappropriate; it simply means that this factor cannot make up for the failure of other factors ...." (internal citations omitted).  Here, Nike Defendants are a large corporation.  Therefore, the request for punitive damages further weighs in favor of establishing the amount in controversy.

32.    **Reasonable Attorney's Fees.**  This is a claim for discrimination in accommodations brought under Civ. Code. § 51 et. Seq. and Gov. Code § 12948.

33.    Where the underlying statutes entitle a prevailing plaintiff to an award of reasonable attorneys' fees, such fees must be included in the amount in controversy.  *See Brady v. Mercedes-Benz USA, Inc.*, 243 F. Supp. 2d 1004, 1010-11 (N.D. Cal. 2002) ("Where the law entitles the prevailing plaintiff to recover

DEFENDANTS NIKE, INC. AND NIKE USA, INC.'S NOTICE OF REMOVAL

reasonable attorney fees, a reasonable estimate of fees likely to be incurred to resolution is part of the benefit permissibly sought by the plaintiff and thus contributes to the amount in controversy."); *Galt G/S v. JSS Scandinavia*, 142 F.3d 1150, 1156 (9th Cir. 1998) (claims for statutory attorneys' fees are to be included in amount in controversy, regardless of whether award is discretionary or mandatory); *Simmons v. PCR Tech*, 209 F. Supp. 2d 1029, 1034-35 (N.D. Cal. 2002); *see Zator v. Sprint/United Mgmt. Co.*, 2011 U.S. Dist. LEXIS 33383 at * 6 (S.D. Cal. Mar. 29, 2011).

34.     The reasonable amount of attorneys' fees in a case may be based upon fee awards in similar cases, Plaintiff's counsel's hourly rate, and the number of hours counsel expects to spend on this case.  *See Brady*, 243 F. Supp. 2d at 1011 (N.D. Cal. 2002).  Even a modest amount of attorneys' fees further increases the amount in controversy beyond the jurisdictional minimum.

35.     Nike Defendants anticipate depositions being taken in this case, and that Nike Defendants will file a Motion for Summary Judgement.  In this regard, it is more likely than not that the fees will exceed $75,000 through extensive discovery and a summary judgment hearing, and the fees would certainly exceed $75,000 if the case proceeds to trial.  See *Bayer, et al. v. Morse, et al.,* San Francisco Superior Court Case No. CGC-13-534482 (August 26, 2015) (costs of bringing Unruh suit including attorney's fees resulted in total judgment of $742,615.28 where jury verdict was only $370,000) (Felton Decl., ¶ 7, Exhibit 3).

36.     Considered together, the general and special damages sought by Plaintiff for both her claims, along with the attorney fees and punitive damages that might be awarded on her claims if she prevails, establishes by a preponderance of the evidence that the amount in controversy for her claim exceeds $75,000, particularly because she is seeking statutory treble damages in association with her first cause of action.

37.     Based upon the allegations contained in Plaintiff's Complaint, as

DEFENDANTS NIKE, INC. AND NIKE USA, INC.'S NOTICE OF REMOVAL

SANDERS
ROBERTS
1055 W. 7TH STREET
SUITE 3200
LOS ANGELES, CA 90017

discussed above, Nike Defendants are informed and believes and alleges that the amount in controversy in this action has been met and, therefore, Plaintiff seeks damages within the jurisdictional authority of this Court. Since diversity of citizenship exists between the Plaintiff and Nike Defendants and the amount in controversy between the parties is in excess of $75,000, this Court has original jurisdiction of the action pursuant to 28 U.S.C. section 1332(a)(1). This action is therefore proper for removal to this Court.

### VENUE AND INTRADISTRICT ASSIGNMENT

38    As discussed above, Plaintiff is a resident of California residing in San Bernardino County, California.

39.    Plaintiff originally brought this action in the Superior Court of the State of California for the County of San Bernardino.  The County of San Bernardino lies within the jurisdiction of the United States District Court, Central District of California, Eastern Division.

40.    This Court is the United States District Court for the district within which the State Court Action is pending.  Therefore, pursuant to 28 U.S.C. sections 1391(a), 1441(a) and 1446(a), venue lies in the Central District of this Court.

### CONCLUSION

41.    Consequently, having complied with all pertinent requirements, Nike Defendants remove the Civil Action to this Court and respectfully invokes the Court's jurisdiction thereby.

Dated:  March 23, 2021          **SANDERS ROBERTS LLP**

By: _____
Reginald Roberts, Jr.
Melvin L. Felton, Esq.
Ayan K. Jacobs, Esq.
Attorneys for Defendants
**NIKE, INC. and NIKE USA, INC.**

DEFENDANTS NIKE, INC. AND NIKE USA, INC.'S NOTICE OF REMOVAL

# EXHIBIT A

ORIGINAL

**BY FAX**

1    Christopher B. Dolan (SBN 165358)
2    Emile A. Davis (SBN 208394)
     Mari Bandoma Callado (SBN 271380)
3    **DOLAN LAW FIRM, PC**
4    1438 Market Street
     San Francisco, California 94102
5    Tel: (415) 421-2800
6    Fax: (415) 421-2830

7    Attorneys for Plaintiff
8    J.B. through and by her guardian ad litem J.G.B.

F I L E D
SUPERIOR COURT OF CALIFORNIA
COUNTY OF SAN BERNARDINO
SAN BERNARDINO CIVIL DIVISION

DEC 14 2020

BY_____
ANDREA PLACENCIA, DEPUTY

9

10              **IN THE SUPERIOR COURT OF THE STATE OF CALIFORNIA**

11                   **FOR THE COUNTY OF SAN BERNARDINO**

12                        **UNLIMITED CIVIL JURISDICTION**

13

| | |
|---|---|
| 14  J.B. through and by her guardian ad litem, J.G.B. | Case No.:   **CIV SB  2 0 2 8 3 2 1** |
| 15                    Plaintiff, | **COMPLAINT FOR DAMAGES FOR** |
| 16        v. | 1.  **VIOLATION OF THE UNRUH CIVIL RIGHTS ACT AND THE FAIR EMPLOYMENT AND HOUSING ACT** |
| 17  NIKE, INC., an Oregon Corporation, NIKE USA, INC., an Oregon Corporation, and DOES 1 through 50, inclusive, | [Civ. Code, § 51 et seq; Gov. Code § 12948] |
| 20                    Defendants. | 2.  **INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS** |
| 22 | **DEMAND FOR JURY TRIAL** |

23                            **COMPLAINT**

24        COMES NOW Plaintiff, J.B. through and by her guardian ad litem J.G.B., who, and by and

25  through his attorneys of record, hereby files this Complaint and alleges as follows.

26  ///

27  ///

28  ///

- 1 -

COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL

**PARTIES TO THE CIVIL ACTION**

1.      Plaintiff J.B. (hereinafter referred to as "PLAINTIFF") is a female minor natural person who is a resident of the State of California, and at all times relevant to this Complaint was a resident of the County of San Bernardino, State of California.

2.      Plaintiff J.B. and her guardian ad litem J.G.B. are using their initials in order to protect their privacy in this violation of Unruh Civil Rights Act case. Protecting PLAINTIFF and her guardian ad litem's privacy is necessary because of the growing anti-Asian bias and racist attacks related to the COVID-19 pandemic. This is also based on judicial precedent from cases such as *Starbucks Corp. v. Superior Court* (2008) 168 Cal.App.4th 1436, wherein the Court of Appeal noted: "[P]rotect[ing] legitimate privacy rights has gained wide currency, particularly given the rapidity and ubiquity of disclosures over the World Wide Web." (See *Doe v. City of Los Angeles* (2007) 42 Cal.4th 531; *Johnson v. Superior Court* (2000) 80 Cal.App.4th 1050, 1072). If, for any reason, Defendants are unable to accurately determine the identity of PLAINTIFF, their attorneys may contact Plaintiff's attorney at the number on the face sheet of the Complaint and the name of the PLAINTIFF will be provided.

3.      Defendant JOHN DOE 26 (hereinafter "DOE 26") is a male adult natural person. PLAINTIFF is informed and believes, and thereon alleges, that DOE 26 is a resident of the State of California and is therefore subject to the jurisdiction of this Court. PLAINTIFF is informed and believes that DOE 26 is an employee of DEFENDANTS NIKE, INC. and NIKE USA, INC. and/or DOES 1-25 and was acting in the course and scope of his employment with DEFENDANTS NIKE, INC. and NIKE USA, INC. and/or DOES 1-25. While at work DOE 26 engaged in unlawful discrimination and harassment within the scope of his employment toward PLAINTIFF, and as alleged herein, may be found personally liable for such unlawful discrimination and harassment.

4.      PLAINTIFF is informed and believes, and thereon alleges, that DEFENDANTS NIKE, INC. and NIKE USA, INC. (hereinafter collectively referred to as "NIKE"), Oregon corporations, and/or DOES 1-25, were at all times material to this Complaint, the employers of DEFENDANT DOE 26 and was doing business in the State of California, County of San Bernardino and are entities subject to suit before this Court.

- 2 -

5.      DEFENDANTS NIKE are active Oregon corporations, and is now and was, at all times relevant to this complaint, a "business establishment" within the meaning of the Unruh Act, Civil Code section 51, subdivision (b), operating in the City of Ontario, San Bernardino County, California.

6.      The true names and capacities, whether individual, corporate, associate, or otherwise, of DOES 1-25, inclusive, are business entities unknown to PLAINTIFF, who therefore sues the DOE defendants by fictitious names. PLAINTIFF will amend this complaint to show their true names and capacities when they have been ascertained. PLAINTIFF is informed and believes and hereon alleges that DOES 1-25 are business entities of unknown form who were the employers of DOE 26.

7.      The true names and capacities, whether individual, corporate, associate, or otherwise, of DOES 26-50 (hereinafter referred to as "INDIVIDUAL DEFENDANTS"), inclusive, are individual persons unknown to PLAINTIFF, who therefore sues the DOE defendants by fictitious names. PLAINTIFF will amend this complaint to show their true names and capacities when they have been ascertained. PLAINTIFF is informed and believes and hereon alleges that DOES 1-25 are business entities of unknown form who were the employers of INDIVIDUAL DEFENDANTS.

8.      PLAINTIFF is informed and believes, and the basis of said information and belief, allege, at all times material to this complaint, DEFENDANTS NIKE and/or Does 1-25 were the employers of INDIVIDUAL DEFENDANTS DOES 26-50, and/or an agency relationship existed between them.

9.      PLAINTIFF is informed and believes, and thereon alleges, that there exists, and at all times relevant to this Complaint, existed a unity of interests between certain Defendants such that any individuality and separateness between these certain Defendants has ceased, and those certain Defendants are the alter ego of the other certain Defendants and exerted control over each other. Adherence to the fiction of the separate existence of these certain Defendants as an entity distinct from other certain Defendants will permit an abuse of the corporate privilege and would sanction fraud and/or promote injustice. PLAINTIFF is informed and believes, and thereon alleges, that Defendants, and each of them, did conspire together and/or aid and abet the others as to violate PLAINTIFF's rights as alleged herein.

10.     PLAINTIFF is informed and believes, and thereon alleges, that except as alleged herein, at all times mentioned in this Complaint, Defendants were the agents and employees of their co-Defendants, and in doing the things alleged in this Complaint, were acting within the course and scope of such agency and employment, and acted in such a matter as to ratify the conduct of their co-Defendants.  PLAINTIFF is informed and believes and thereon alleges that each Defendant aided and abetted each other such that the principal is liable for the acts of each Defendant.

11.     Defendants are liable for the acts of each other through principals of respondeat superior, agency, ostensible agency, partnership, alter-ego and other forms of vicarious liability.

## VENUE AND JURISDICTION

12.     This action arises under the Unruh Act, Civil Code section 51 et seq., and FEHA, specifically Government Code section 12948.

13.     Venue is proper because PLAINTIFF is informed and believes and thereon alleges, that the business entity DEFENDANTS, were doing business in the County of San Bernardino, State of California, the relevant actions set forth herein occurred in the County of San Bernardino.

14.     Subject matter in this action is properly heard in this Court, as the action incorporates an amount in controversy as set forth in the Complaint which exceeds $25,000.00.

## FACTS COMMON TO ALL CAUSES OF ACTION

15.     PLAINTIFF realleges and incorporates by reference each allegation contained in all preceding paragraphs as if fully set forth herein.

16.     PLAINTIFF is informed and believes and thereon alleges that the INDIVIDUAL DEFENDANTS were employed by, contracting with, or otherwise performing services for DEFENDANTS NIKE and/or DOES 1-25 at the time of the incident described herein.

17.     PLAINTIFF, a high school student, regularly patronized Ontario Mills, a shopping center located at 1 Mills Circle in Ontario, California 91764.

18.     PLAINTIFF is an Asian American female of Filipino descent.

19.     Like many high school students, PLAINTIFF often patronized Ontario Mills to browse, shop and spend time with friends and family.

COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL

20.     On or around March 6, 2020, from approximately 2 p.m. to 6 p.m., PLAINTIFF visited Ontario Mills with two of her friends.

21.     PLAINTIFF's friend, a Caucasian male, entered the NIKE Factory store at Ontario Mills with no issues.

22.     PLAINTIFF is informed and believes, and thereon alleges that the NIKE Factory store at Ontario Mills (hereinafter referred to as the "PREMISES") is owned and/or managed and/or controlled by DEFENDANTS NIKE and/or DOES 1-25.

23.     Shortly thereafter, PLAINTIFF and her other friend, another Asian American female, attempted to enter the NIKE Factory store but was immediately stopped by DOE 26, an African American male adult natural person. PLAINTIFF is informed and believes that DOE 26 is a NIKE employee.

24.     DOE 26 positioned his body in front of PLAINTIFF and her friend to prevent them from entering the NIKE Factory store and told PLAINTIFF and her friend that they "can't go in".

25.     Shocked and confused, PLAINTIFF asked DOE 26 "why?"

26.     DOE 26 informed PLAINTIFF and her friend, that they cannot enter the PREMISES because of the "coronavirus".

27.     Offended, PLAINTIFF explained to DOE 26 that they "don't have it."

28.     DOE 26 responded to PLAINTIFF, "you're Asian."

29.     PLAINTIFF was stunned and hurt by DOE 26'S response and opposed his inappropriate and discriminatory comment. PLAINTIFF explained that just like the "Ebola virus, anyone can get the coronavirus, not just Asians."

30.     DOE 26 stated, "I understand but I can't let you in." He then explained that "we don't want to scare the other customers."

31.     When DOE 26 denied PLAINTIFF and her friend entry into the PREMISES. PLAINTIFF is informed and believes, and thereon alleges that DEFENDANTS NIKE and/or DOES 1-25 follow a policy and practice of denying full and equal services by engaging in discrimination based on PLAINTIFF's race and/or ancestry and/or perceived ancestry and/or perceived national origin and/or perceived disability and/or perceived medical condition and/or the race and/or

- 5 -

1   ancestry and/or perceived ancestry and/or perceived national origin and/or perceived disability

2   and/or perceived medical condition of a person whom PLAINTIFF was associated with.

3       32.     When DOE 26 denied PLAINTIFF and her friend entry into the PREMISES,

4   PLAINTIFF is informed and believes, and thereon alleges that the managing agents of the

5   PREMISES follow a policy and practice of denying full and equal services by engaging in

6   discrimination based on PLAINTIFF's race and/or ancestry and/or perceived ancestry and/or

7   perceived national origin and/or perceived disability and/or perceived medical condition and/or the

8   race and/or ancestry and/or perceived ancestry and/or perceived national origin and/or perceived

9   disability and/or perceived medical condition of a person whom PLAINTIFF was associated with.

10      33.     Humiliated and upset, PLAINTIFF and her friend walked away and left the

11   PREMISES with the indignity of being denied entry to the PREMISES and prevented from

12   obtaining full and equal services from the business establishment because of PLAINTIFF's Asian

13   race, and/or Filipino ancestry, and/or perceived ancestry, and/or perceived national origin, and/or

14   perceived disability, and/or perceived medical condition, and/or the race and/or ancestry and/or

15   perceived ancestry and/or perceived national origin and/or perceived disability and/or perceived

     medical condition of a person whom PLAINTIFF was associated with.

16      34.     Shortly thereafter, PLAINTIFF had to endure further embarrassment as she had to

17   notify her friend who was allowed to enter the NIKE Factory store that they had to leave and were

18   denied entry to the NIKE Factory store.

19      35.     PLAINTIFF is informed and believes, and thereon alleges that DOE 26's comments

20   and conduct was motivated by the fact of PLAINTIFF's Asian race, and/or Filipino ancestry, and/or

21   perceived ancestry, and/or perceived national origin, and/or perceived disability, and/or perceived

22   medical condition.

23      36.     PLAINTIFF is informed and believes, and thereon alleges that DOE 26's comments

24   and conduct was motivated by the fact of PLAINTIFF's Asian race, and/or Filipino ancestry, and/or

25   perceived ancestry, and/or perceived national origin, and/or perceived disability, and/or perceived

26   medical condition.

27      37.     PLAINTIFF is informed and believes, and thereon alleges that DOE 26's comments

28   and conduct was motivated by the fact of the race and/or ancestry and/or perceived ancestry and/or

- 6 -

COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL

1  perceived national origin and/or perceived disability and/or perceived medical condition of a person

2  whom PLAINTIFF was associated with.

3

### FIRST CAUSE OF ACTION

4  **Discrimination in a Business Establishment on the Basis of Race and/or Ancestry and/or**
**Perceived Ancestry and/or Perceived National Origin and/or Perceived Disability and/or**
5  **Perceived Medical Condition in Violation of the Unruh Civil Rights Act**
**[Civil Code section 51 et seq.; Government Code section 12948]**
6  **(Against All Defendants)**

7      38.     PLAINTIFF hereby incorporates by reference, as though fully set forth herein, the

8  contents of each and every preceding paragraph in this complaint.

9      39.     The FEHA, Government Code section 12948, provides in pertinent part, that "[i]t is

10  an unlawful practice under this part for a person to deny or to aid, incite, or conspire in the denial of

11  the rights created by Section 51 . . . of the Civil Code."

12      40.     The Unruh Civil Rights Act, Civil Code section 51, subdivision (b) provides: "All

13  persons within the jurisdiction of this state are free and equal, and no matter what their . . . race . . .

14  ancestry, national origin, disability, medical condition . . . are entitled to the full and equal

15  accommodations, advantages, facilities, privileges or services in all business establishments of

16  every kind whatsoever."

17      41.     DEFENDANTS NIKE and/or DOES 1-25 and INDIVIDUAL DEFENDANTS failed

18  to provide PLAINTIFF with full and equal services by engaging in discrimination based on

19  PLAINTIFF's race and/or ancestry and/or perceived ancestry and/or perceived national origin

20  and/or perceived disability and/or perceived medical condition when they denied PLAINTIFF from

21  entering the PREMISES, as described above, in violation of Civil Code section 51, subdivision (b),

22  and Government Code section 12948.

23      42.     DEFENDANTS NIKE and/or DOES 1-25 and INDIVIDUAL DEFENDANTS failed

24  to provide PLAINTIFF with full and equal services by engaging in discrimination based on the race

25  and/or ancestry and/or perceived ancestry and/or perceived national origin and/or perceived

26  disability and/or perceived medical condition of a person whom PLAINTIFF was associated with

27  when they denied PLAINTIFF from entering the PREMISES as described above, in violation of

28  Civil Code section 51, subdivision (b), and Government Code section 12948.

43.    As a direct and proximate result of DEFENDANTS NIKE and/or DOES 1-25 and INDIVIDUAL DEFENDANTS' unlawful practices, PLAINTIFF suffered actual damages and loss of a discrimination-free business establishment.

44.    As further direct and proximate result of DEFENDANTS NIKE and/or DOES 1-25 and INDIVIDUAL DEFENDANTS' unlawful discrimination, PLAINTIFF suffered embarrassment, public humiliation, and emotional distress, including but not limited to, damage to her self-esteem and dignity, anxiety, stress, anger, frustration, and injury in an amount to be proven at the time of trial.

45.    DEFENDANTS NIKE and/or DOES 1-25 and INDIVIDUAL DEFENDANTS' conduct, as alleged herein, was egregious, deliberate, willful, intentional, malicious, oppressive, fraudulent, and taken in conscious disregards of the rights of PLAINTIFF, as defined in Civil Code section 3294, entitling her to an award of exemplary and punitive damages.

## SECOND CAUSE OF ACTION
### Intentional Infliction of Emotional Distress
### (Against All Defendants)

46.    PLAINTIFF hereby incorporates by reference, as though fully set forth herein, the contents of each and every preceding paragraph in this complaint.

47.    DEFENDANTS NIKE and/or DOES 1-25 and INDIVIDUAL DEFENDANTS, and each of them, as set forth above, acted in an extreme and outrageous manner with the intent to cause, or with reckless disregard of the probability of causing, emotional distress to PLAINTIFF.

48.    DEFENDANTS' conduct was a substantial factor in causing PLAINTIFF severe emotional distress.

49.    DEFENDANTS NIKE and/or DOES 1-25 are vicariously liable for the actions of the INDIVIDUAL DEFENDANTS on the basis that each individual DEFENDANT was acting as an agent and/or employee of DEFENDANTS NIKE and/or DOES 1-25 at the time PLAINTIFF was discriminated against.

50.    DEFENDANTS NIKE and/or DOES 1-25 are directly liable for the actions of INDIVIDUAL DEFENDANTS the basis that DEFENDANTS NIKE and/or DOES 1-25 ratified the conduct of the INDIVIDUAL DEFENDANTS and each of them.

51.     The unlawful conduct of DEFENDANTS, and each of them, as alleged above, directly and proximately caused PLAINTIFF to suffer general damages including but not limited to pain and suffering, emotional distress, fear, anxiety and other damages in an amount to be proven at the time of trial.

52.     The INDIVIDUAL DEFENDANTS directly, and the business entity DEFENDANTS, by and through their managing agents, committed the acts herein alleged maliciously, fraudulently, and oppressively in conscious disregard for PLAINTIFF's rights, and PLAINTIFF is entitled to recover punitive damages from DEFENDANTS in an amount according to proof.

## **PRAYER FOR RELIEF**

WHEREFORE, PLAINTIFF makes the following demand:

As to the First Cause of Action set forth herein, PLAINTIFF prays:

a)     That process be issued and served as provided by law, requiring DEFENDANTS to appear and answer or face judgment;

b)     That PLAINTIFF have and recover judgment against DEFENDANTS in an amount to be determined at trial as general damages for their wrongful conduct;

c)     That PLAINTIFF have and recover judgment against DEFENDANTS in an amount to be determined at trial as special, actual, compensatory and/or nominal damages for their wrongful conduct;

d)     That PLAINTIFF have and recover a judgment against DEFENDANTS for punitive damages in an amount to be determined at trial sufficient to punish, penalize and/or deter DEFENDANTS;

e)     For treble damages and statutory penalties pursuant to California Civil Code section 52 (a);

f)     That PLAINTIFF have and recover a judgment against DEFENDANTS for all pre-judgment and post-judgment interest;

g)     For reasonable attorneys' fees and for costs of suit incurred herein pursuant to California Civil Code section 52 (a);

- 9 -

COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL

h)      That PLAINTIFF has such other relief as provided for by law and/or this Court deems just and proper.

As to the Second Cause of Action set forth herein, PLAINTIFF prays:

i)      That process be issued and served as provided by law, requiring DEFENDANTS to appear and answer or face judgment;

j)      That PLAINTIFF have and recover judgment against DEFENDANTS in an amount to be determined at trial as general damages for their wrongful conduct;

k)      That PLAINTIFF have and recover judgment against DEFENDANTS in an amount to be determined at trial as special, actual, compensatory and/or nominal damages for their wrongful conduct;

l)      That PLAINTIFF have and recover a judgment against DEFENDANTS for punitive damages in an amount to be determined at trial sufficient to punish, penalize and/or deter DEFENDANTS;

m)      That PLAINTIFF have and recover a judgment against DEFENDANTS for all pre-judgment and post-judgment interest; and

n)      That PLAINTIFF has such other relief as provided for by law and/or this Court deems just and proper.

DATED: November 13, 2020

DOLAN LAW FIRM, PC

BY:      _____

CHRISTOPHER B. DOLAN
EMILE A. DAVIS
MARI BANDOMA CALLADO
ATTORNEYS FOR PLAINTIFF J.B.

///
///
///
///
///
///

- 10 -
COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL

1

2

3

## DEMAND FOR JURY TRIAL

Plaintiff J.B. hereby demands Trial by Jury.

4

DATED: March 13, 2020

5

6

7

8

                                   **DOLAN LAW FIRM, PC**

BY:

CHRISTOPHER B. DOLAN
EMILE A. DAVIS
MARI BANDOMA CALLADO
ATTORNEYS FOR PLAINTIFF J.B.

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL



# EXHIBIT B

**ORGINAL**

SUM-100

# SUMMONS
## *(CITACION JUDICIAL)*

**NOTICE TO DEFENDANT:** NIKE, INC., an Oregon Corporation, NIKE USA,
*(AVISO AL DEMANDADO):* INC., an Oregon Corporation, and DOES 1 through
50

**YOU ARE BEING SUED BY PLAINTIFF:** J.B. through and by her guardian ad
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):* litem, J.G.B.

FOR COURT USE ONLY
*(SOLO PARA USO DE LA CORTE)*

**FILED**
SUPERIOR COURT OF CALIFORNIA
COUNTY OF SAN BERNARDINO
SAN BERNARDINO CIVIL DIVISION

**DEC 14 2020**

BY _____
ANDREA PLACENCIA, DEPUTY

**BY FAX**

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

The name and address of the court is:
*(El nombre y dirección de la corte es):*
Superior Court of California, County of San Bernardino
247 West Third Street
San Bernardino, California 92415-0210

CASE NUMBER:
*(Número del Caso):*
**CIV SB 2028321**

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is: CHRISTOPHER B DOLAN
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
CHRISTOPHER B DOLAN
DOLAN LAW FIRM, PC, 1438 Market Street, SAN FRANCISCO, CA 94102                                 415-421-2800

DATE:                   **DEC 14 2020**          Clerk, by _____, Deputy
*(Fecha)*                                         *(Secretario)*                            *(Adjunto)*

Andrea Placencia

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).*

[SEAL]

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*

3. ☐ on behalf of *(specify):*

   under: ☐ CCP 416.10 (corporation)            ☐ CCP 416.60 (minor)
          ☐ CCP 416.20 (defunct corporation)    ☐ CCP 416.70 (conservatee)
          ☐ CCP 416.40 (association or partnership) ☐ CCP 416.90 (authorized person)
          ☐ other *(specify):*
4. ☐ by personal delivery on *(date):*

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465
*www.courtinfo.ca.gov*
Westlaw Doc & Form Builder-

# EXHIBIT C

## SUPERIOR COURT OF CALIFORNIA,  COUNTY OF SAN BERNARDINO

J. B. by and through her guardian ad litem, J. G. B.

Case No. **CIV SB   2 0 2 8 3 2 1**

**vs.**

NIKE, Inc., and Oregon Corporation, Nike USA, Inc., an Oregon Corporation, et al.

**CERTIFICATE OF ASSIGNMENT**

**BY FAX**

A civil action or proceeding presented for filing must be accompanied by this certificate. If the ground is the residence of a party, name and residence shall be stated.

The undersigned declares that the above-entitled matter is filed for proceedings in the _San Bernardino - Civil Division_ District of the Superior Court under Rule 404 of this court for the checked reason:

☐ General          ☐ Collection

| | Nature of Action | Ground |
|---|---|---|
| ☐ 1 | Adoption | Petitioner resides within the district. |
| ☐ 2 | Conservator | Petitioner or conservatee resides within the district. |
| ☐ 3 | Contract | Performance in the district is expressly provided for. |
| ☐ 4 | Equity | The cause of action arose within the district. |
| ☐ 5 | Eminent Domain | The property is located within the district. |
| ☐ 6 | Family Law | Plaintiff, defendant, petitioner or respondent resides within the district. |
| ☐ 7 | Guardianship | Petitioner or ward resides within the district or has property within the district. |
| ☐ 8 | Harassment | Plaintiff, defendant, petitioner or respondent resides within the district. |
| ☐ 9 | Mandate | The defendant functions wholly within the district. |
| ☐ 10 | Name Change | The petitioner resides within the district. |
| ☐ 11 | Personal Injury | The injury occurred within the district. |
| ☐ 12 | Personal Property | The property is located within the district. |
| ☐ 13 | Probate | Decedent resided or resides within the district or had property within the district. |
| ☐ 14 | Prohibition | The defendant functions wholly within the district. |
| ☐ 15 | Review | The defendant functions wholly within the district. |
| ☐ 16 | Title to Real Property | The property is located within the district. |
| ☐ 17 | Transferred Action | The lower court is located within the district. |
| ☐ 18 | Unlawful Detainer | The property is located within the district. |
| ☐ 19 | Domestic Violence | The petitioner, defendant, plaintiff or respondent resides within the district. |
| ☒ 20 | Other  _Unruh Act_ | |
| ☐ 21 | THIS FILING WOULD NORMALLY FALL WITHIN JURISDICTION OF SUPERIOR COURT. | |

The address of the accident, performance, party, detention, place of business, or other factor which qualifies this case for filing in the above-designated district is:

| NIKE Factory at Ontario Mills Shopping center | 4557 Mills Cir | |
|---|---|---|
| (NAME - INDICATE TITLE OR OTHER QUALIFYING FACTOR) | ADDRESS | |
| Ontario | CA | 91764 |
| (CITY) | (STATE) | (ZIP CODE) |

I declare, under penalty of perjury, that the foregoing is true and correct and that this declaration was executed on

December 11, 2020          at          Oakland                                              , California

_signature_          Mari Bandoma Callado, Esq.

_Signature of Attorney/Party_

13-16503-360 Rev. 10/94

SB-16503

CIA 28   S 2 5 9 2 5 .

# EXHIBIT D

ORGINAL

CM-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address)*: | FOR COURT USE ONLY |
|---|---|
| CHRISTOPHER B DOLAN          SBN: 165358<br>Emile A. Davis (SBN 208394) ; Mari Bandoma Callado (SBN 288320)<br>DOLAN LAW FIRM, PC, 1438 Market Street, SAN FRANCISCO, CA 94102<br>TELEPHONE NO.: 415-421-2800          FAX NO.: 415-421-2830<br>ATTORNEY FOR *(Name)*: Plaintiff, J.B. through and by her guardian ad litem J.G.B. | **F I L E D**<br>SUPERIOR COURT OF CALIFORNIA<br>COUNTY OF SAN BERNARDINO<br>SAN BERNARDINO CIVIL DIVISION<br><br>**DEC 14 2020**<br><br>BY _____<br>ANDREA PLACENCIA, DEPUTY |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN BERNARDINO
STREET ADDRESS: 247 West Third Street
MAILING ADDRESS: 247 West Third Street
CITY AND ZIP CODE: San Bernardino, 92415-0210
BRANCH NAME: San Bernardino District - Civil Division

CASE NAME: J.B. through and by her guardian ad litem J.G.B. v. NIKE, INC., an Oregon Corp., NIKE USA, INC., an Oregon Corp., and DOES 1 through 50

| CIVIL CASE COVER SHEET | Complex Case Designation | CASE NUMBER: |
|---|---|---|
| [X] Unlimited   [ ] Limited<br>(Amount         (Amount<br>demanded        demanded<br>exceeds $25,000)  $25,000 or less) | [ ] Counter   [ ] Joinder<br><br>Filed with first appearance by defendant<br>(Cal. Rules of Court, rule 3.402) | CIV SB 2028321 |
| | | JUDGE:<br>DEPT: |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check **one** box below for the case type that best describes this case:

**Auto Tort**
[ ] Auto (22)
[ ] Uninsured motorist (46)

**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
[ ] Asbestos (04)
[ ] Product liability (24)
[ ] Medical malpractice (45)
[ ] Other PI/PD/WD (23)

**Non-PI/PD/WD (Other) Tort**
[ ] Business tort/unfair business practice (07)
[X] Civil rights (08)
[ ] Defamation (13)
[ ] Fraud (16)
[ ] Intellectual property (19)
[ ] Professional negligence (25)
[ ] Other non-PI/PD/WD tort (35)

**Employment**
[ ] Wrongful termination (36)
[ ] Other employment (15)

**Contract**
[ ] Breach of contract/warranty (06)
[ ] Rule 3.740 collections (09)
[ ] Other collections (09)
[ ] Insurance coverage (18)
[ ] Other contract (37)

**Real Property**
[ ] Eminent domain/Inverse condemnation (14)
[ ] Wrongful eviction (33)
[ ] Other real property (26)

**Unlawful Detainer**
[ ] Commercial (31)
[ ] Residential (32)
[ ] Drugs (38)

**Judicial Review**
[ ] Asset forfeiture (05)
[ ] Petition re: arbitration award (11)
[ ] Writ of mandate (02)
[ ] Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
[ ] Antitrust/Trade regulation (03)
[ ] Construction defect (10)
[ ] Mass tort (40)
[ ] Securities litigation (28)
[ ] Environmental/Toxic tort (30)
[ ] Insurance coverage claims arising from the above listed provisionally complex case types (41)

**Enforcement of Judgment**
[ ] Enforcement of judgment (20)

**Miscellaneous Civil Complaint**
[ ] RICO (27)
[ ] Other complaint *(not specified above)* (42)

**Miscellaneous Civil Petition**
[ ] Partnership and corporate governance (21)
[ ] Other petition *(not specified above)* (43)

2. This case [ ] is [X] is not   complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. [ ] Large number of separately represented parties
   b. [ ] Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
   c. [ ] Substantial amount of documentary evidence
   d. [ ] Large number of witnesses
   e. [ ] Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   f. [ ] Substantial postjudgment judicial supervision

3. Remedies sought *(check all that apply)*: a. [X] monetary   b. [ ] nonmonetary; declaratory or injunctive relief   c. [X] punitive
4. Number of causes of action *(specify)*: Two (2)
5. This case [ ] is [X] is not   a class action suit.
6. If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*

Date: November 12, 2020

Mari Bandoma Callado
_____          ▶ _____
(TYPE OR PRINT NAME)          (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

| Form Adopted for Mandatory Use<br>Judicial Council of California<br>CM-010 [Rev. July 1, 2007] | **CIVIL CASE COVER SHEET** | Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;<br>Cal. Standards of Judicial Administration, std. 3.10<br>*www.courtinfo.ca.gov*<br>Westlaw Doc & Form Builder® |

BY FAX

RECEIVED

DEC 14 2020

SUPERIOR COURT OF CALIFORNIA
COUNTY OF SAN BERNARDINO
SAN BERNARDINO DISTRICT

CM-010

## INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you **must** complete and file, along with your first paper, the *Civil Case Cover Sheet* contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check **one** box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the **primary** cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases only, parties must also use the *Civil Case Cover Sheet* to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

### CASE TYPES AND EXAMPLES

**Auto Tort**
  Auto (22)–Personal Injury/Property
    Damage/Wrongful Death
  Uninsured Motorist (46) *(if the
    case involves an uninsured
    motorist claim subject to
    arbitration, check this item
    instead of Auto)*

**Other PI/PD/WD (Personal Injury/
Property Damage/Wrongful Death)
Tort**
  Asbestos (04)
    Asbestos Property Damage
    Asbestos Personal Injury/
      Wrongful Death
  Product Liability *(not asbestos or
    toxic/environmental)* (24)
  Medical Malpractice (45)
    Medical Malpractice–
      Physicians & Surgeons
    Other Professional Health Care
      Malpractice
  Other PI/PD/WD (23)
    Premises Liability (e.g., slip
      and fall)
    Intentional Bodily Injury/PD/WD
      (e.g., assault, vandalism)
    Intentional Infliction of
      Emotional Distress
    Negligent Infliction of
      Emotional Distress
    Other PI/PD/WD

**Non-PI/PD/WD (Other) Tort**
  Business Tort/Unfair Business
    Practice (07)
  Civil Rights (e.g., discrimination,
    false arrest) *(not civil
    harassment)* (08)
  Defamation (e.g., slander, libel)
    (13)
  Fraud (16)
  Intellectual Property (19)
  Professional Negligence (25)
    Legal Malpractice
    Other Professional Malpractice
      *(not medical or legal)*
  Other Non-PI/PD/WD Tort (35)

**Employment**
  Wrongful Termination (36)
  Other Employment (15)

**Contract**
  Breach of Contract/Warranty (06)
    Breach of Rental/Lease
      Contract *(not unlawful detainer
      or wrongful eviction)*
    Contract/Warranty Breach–Seller
      Plaintiff *(not fraud or negligence)*
    Negligent Breach of Contract/
      Warranty
    Other Breach of Contract/Warranty
  Collections (e.g., money owed, open
    book accounts) (09)
    Collection Case–Seller Plaintiff
    Other Promissory Note/Collections
      Case
  Insurance Coverage *(not provisionally
    complex)* (18)
    Auto Subrogation
    Other Coverage
  Other Contract (37)
    Contractual Fraud
    Other Contract Dispute

**Real Property**
  Eminent Domain/Inverse
    Condemnation (14)
  Wrongful Eviction (33)
  Other Real Property (e.g., quiet title) (26)
    Writ of Possession of Real Property
    Mortgage Foreclosure
    Quiet Title
    Other Real Property *(not eminent
      domain, landlord/tenant, or
      foreclosure)*

**Unlawful Detainer**
  Commercial (31)
  Residential (32)
  Drugs (38) *(if the case involves illegal
    drugs, check this item; otherwise,
    report as Commercial or Residential)*

**Judicial Review**
  Asset Forfeiture (05)
  Petition Re: Arbitration Award (11)
  Writ of Mandate (02)
    Writ–Administrative Mandamus
    Writ–Mandamus on Limited Court
      Case Matter
    Writ–Other Limited Court Case
      Review
  Other Judicial Review (39)
    Review of Health Officer Order
    Notice of Appeal–Labor
      Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal.
Rules of Court Rules 3.400–3.403)**
  Antitrust/Trade Regulation (03)
  Construction Defect (10)
  Claims Involving Mass Tort (40)
  Securities Litigation (28)
  Environmental/Toxic Tort (30)
  Insurance Coverage Claims
    *(arising from provisionally complex
    case type listed above)* (41)

**Enforcement of Judgment**
  Enforcement of Judgment (20)
    Abstract of Judgment (Out of
      County)
    Confession of Judgment *(non-
      domestic relations)*
    Sister State Judgment
    Administrative Agency Award
      *(not unpaid taxes)*
    Petition/Certification of Entry of
      Judgment on Unpaid Taxes
    Other Enforcement of Judgment
      Case

**Miscellaneous Civil Complaint**
  RICO (27)
  Other Complaint *(not specified
    above)* (42)
    Declaratory Relief Only
    Injunctive Relief Only *(non-
      harassment)*
    Mechanics Lien
    Other Commercial Complaint
      Case *(non-tort/non-complex)*
    Other Civil Complaint
      *(non-tort/non-complex)*

**Miscellaneous Civil Petition**
  Partnership and Corporate
    Governance (21)
  Other Petition *(not specified
    above)* (43)
    Civil Harassment
    Workplace Violence
    Elder/Dependent Adult
      Abuse
    Election Contest
    Petition for Name Change
    Petition for Relief From Late
      Claim
    Other Civil Petition

**CIVIL CASE COVER SHEET**

# EXHIBIT E



**SUPERIOR COURT OF CALIFORNIA,**
**COUNTY OF SAN BERNARDINO**
San Bernardino District
247 West 3rd St
San Bernardino CA  92415
www.sb-court.org
909-708-8678

| J.B. THROUGH AND BY HER GUARDIAN AD LITEM, J.G.B. -v- NIKE, INC. et al | |
|---|---|
| **NOTICE OF TRIAL SETTING CONFERENCE and NOTICE OF CASE ASSIGNMENT** | Case Number |
| | CIVSB2028321 |

DOLAN LAW FIRM PC
1438 MARKET STREET
SAN FRANCISCO CA  94102

This case has been assigned to:  Keith D Davis in Department S25 - SBJC for all purposes.

Notice is hereby given that the above-entitled case has been set for Trial Setting Conference on:

Hearing Date:  06/14/2021  at 9:00 AM in Department S25 - SBJC

Date:  1/11/2021

Nancy CS Eberhardt, Court Executive Officer

By: _____
Andrea Placencia, Deputy Clerk

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

CERTIFICATE OF SERVICE

I am a Deputy Clerk of the Superior Court for the County of San Bernardino at the above-listed address.  I am not a party to this action and on the date and place shown below, I served a copy of the above-listed notice by:

☒ Enclosed in a sealed envelope mailed to the interested party addressed above for collection and mailing this date, following standard Court practices.

☐ Enclosed in a sealed envelope, first class postage prepaid in the U.S. mail at the location shown above, mailed to the interested party and addressed as shown above or as shown on the attached listing.

☐ A copy of this notice was given to the filing party at the counter.

☐ A copy of this notice was placed in the bin located at this office and identified as the location for the above law firm's collection of file-stamped documents.

Date of Mailing:  1/11/2021

I declare under penalty of perjury that the forgoing is true and correct.  Executed on 1/11/2021 at San Bernardino, CA.

By: _____
Andrea Placencia, Deputy Clerk

# PROOF OF SERVICE

## STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

I am a citizen of the United States, over 18 years of age and am not a party to the within action. My business address is 1055 W. 7th Street, Suite 3200, Los Angeles, CA 90017, which is located in the County of Los Angeles where the service took place. My electronic service address is: mperez-garcia@sandersroberts.com.

On March 23, 2021 I served the foregoing document(s) described as:

**DEFENDANTS NIKE, INC. AND NIKE USA, INC.'S NOTICE OF REMOVAL**

on all interested parties in this action by placing a true and correct copy thereof enclosed in a sealed envelope addressed as stated in the attached service list:

☐ **VIA MAIL** I am readily familiar with this office's practice for collection and processing of correspondence for mailing with the U.S. Postal Service. Per that practice the within correspondence will be deposited with the U.S. Postal Service on the same day shown on this affidavit in a sealed envelope with postage fully prepaid in the ordinary course of business.

☐ **VIA FACSIMILE** I caused such document to be transmitted via facsimile to the addressee(s) from the facsimile machine of Sanders Roberts LLP whose fax number is **(213) 234-4581**. No error was reported by the machine and pursuant to Rule 2008(e)(3), I caused the machine to print a record of the transmission.

☒ **VIA ELECTRONIC MAIL** I caused the documents to be transmitted by electronic mail to the party(s) identified on the attached service list using the e-mail address(es) shown. I did not receive, within a reasonable time after transmission, any electronic message or other indication that the transmission(s) were unsuccessful.

☐ **VIA ELECTRONIC SERVICE** I caused the documents to be transmitted electronically through the approved vendor for e-filing by electronic service on the party(s) identified on the attached service list using the e-mail address(es) shown I did not receive, within a reasonable time after transmission, any email or other indication that the transmission(s) were unsuccessful.

☐ **VIA OVERNIGHT DELIVERY (FEDERAL EXPRESS)** I caused the attached document(s) to be delivered via overnight delivery to the recipients shown on the attached service list.

I declare under penalty of perjury that the foregoing is true and correct. Executed on March 23, 2021, at Los Angeles, California.

_____/s/ Marilyn Perez-Garcia_____
Marilyn Perez-Garcia

SANDERS
ROBERTS
1055 W. 7TH STREET
SUITE 3200
LOS ANGELES, CA 90017

1

## SERVICE LIST
*J.B. vs. Nike, Inc., et al.*
SBSC – Case No.: CIVSB2028321

2

3

Christopher B. Dolan, Esq.
Emile A. Davis, Esq.
Mari Bandoma Callado
DOLAN LAW FIRM, PC
1438 Market Street
San Francisco, California 94102
Tel.: (415) 421-2800
Fax: (415) 421-2830

**Attorneys for Plaintiffs**
J.B. through and by her guardian ad
litem J.G.B.

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

- ii -
CERTIFICATE OF SERVICE